## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY JAY JOLLIFF, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Case No. CIV-14-841-R |
| | ) |
| CORRECTIONS CORPORATION | ) |
| OF AMERICA, *et. al.* | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has brought this action under 42 U.S.C. § 1983, alleging a violation of his rights under the United States Constitution. United States District Judge David L. Russell has referred the matter to the undersigned for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters, as referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Currently before the Court is Defendants' Motion to Dismiss. **(ECF No. 24).** For the reasons set forth below, the undersigned recommends that the Motion to Dismiss, as converted to a Motion for Summary Judgment, be **GRANTED.**

### I. BACKGROUND

Plaintiff filed this action on July 31, 2014 raising two counts in support of his Complaint. First, Plaintiff asserted a claim based on allegedly limited access to the law library and delay in receiving his legal mail. (ECF No. 1:2, 5-9). Second, Plaintiff asserted a claim for relief under the Eighth Amendment based on his contention that he

is not receiving medication the physicians prescribe for his mental health conditions at least partially because nurses are giving his medication to other inmates. (ECF No. 1:2-3, 21-22). He also alleged the medical staff is abusive and threatening when he makes inquiries about his medication and that one medication was discontinued with no explanation. (ECF No. 1:2-3, 21-22). The named Defendants are Corrections Corporation of America and Cimarron Correctional Facility.

Defendants have filed a motion to dismiss urging that the court dismiss Plaintiff's Complaint based on a failure to exhaust administrative remedies. Additionally, Defendant Cimarron Correctional Facility requests to be dismissed arguing that it is not a suable entity.

## II. Standard of Review

### A. Conversion of Defendants' Motion to Dismiss

Defendants initially filed their dispositive motion as a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). However, in support thereof, Defendants relied upon numerous documents outside the Complaint. Fed. R. Civ. P. 12(d) provides, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

In Plaintiff's Complaint, he referenced fifteen Requests to Staff and/or Grievances. (ECF No. 1:6, 10-11, 15, 19-20, 22, 30, 33-36). Had Defendants simply provided and relied upon those documents, no conversion to summary judgment would

be necessary. *See Bernice v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013) (agreeing that in ruling on a 12(b)(6) motion, courts may consider "documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and matters of which a court may take judicial notice" (citations and internal quotations omitted)). However, in their Motion, Defendants submitted and relied upon grievance logs and three affidavits pertaining to this issue. (ECF No. 24:4-7; ECF No. 24-2; ECF No. 24-3; ECF No. 24-4; ECF No. 24-5). Under such circumstances, the undersigned finds Defendants have relied on additional factual matters outside the complaint and thus, the court must convert the motion to one for summary judgment.

On March 16, 2015, the undersigned entered an Order giving all parties notice of the court's intent to convert Defendant's Motion to Dismiss to a Motion for Summary Judgment, as required by Fed. R. Civ. P. 12(d). (ECF No. 29). In doing so, the court directed the parties to provide the court with any additional evidentiary information they deemed relevant to the court's consideration. (ECF No. 29).

On March 30, 2015, Plaintiff filed a document entitled, "Objection to Recharacterization of Defendants Motion to Dismiss into Motion for Summary Judgment and Precluding Summary Judgment on Material Issue of Fact(s)." (ECF No. 30). Though Plaintiff characterizes his document as an 'objection' to the conversion, therein he merely "moves the Court consider additional evidentiary information deem relevant to plaintiff' claim for Relief" and submits his own affidavit and certain pages of his original

3

Complaint. (ECF No. 30:1; ECF No. 30-1; ECF No. 30-2). In light of the notice and opportunity provided to the parties to submit additional evidentiary material to the court for consideration, the undersigned hereby converts Defendants' motion to dismiss to a motion for summary judgment and considers it accordingly.

### B. Standard of Review for Summary Judgment

Summary judgment shall be granted where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. *Calhoun v. Gaines*, 982 F.2d 1470, 1472 (10th Cir. 1992); *Manders v. Oklahoma*, 875 F.2d 263, 264 (10th Cir. 1989).

When a defendant asserts an affirmative defense—such as the failure to exhaust administrative remedies—in a motion for summary judgment, he or she "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact. If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id.*

### III. Analysis

#### 1. Failure to Exhaust Administrative Remedies

#### A. The Exhaustion Requirement

The Prison Litigation Reform Act of 1995 (PLRA) requires a prisoner to exhaust all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* "[E]xhaustion is mandatory under the PLRA and … unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2007).

A prisoner, such as Plaintiff, successfully exhausts administrative remedies by completing the administrative review process established by the prison grievance procedure. *Id.* at 218. The exhaustion must occur prior to the prisoner bringing a lawsuit on his claims. *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Id.* "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Okla. State Penitentiary,* 511 F.3d 1109, 1112 (10th Cir. 2007).

### B. Grievance Process

When determining whether administrative remedies have been exhausted, the Court must look to the grievance process at the institution to which the inmate is confined. Plaintiff was confined in the Cimarron Correctional Facility, which utilizes the grievance policy promulgated by the Oklahoma Department of Corrections ("ODOC"). Therefore, the relevant grievance process is set forth in the Offender Grievance Process, OP-090124. (ECF No. 24-1:2-20).

The ODOC grievance policy first requires an initial, informal attempt to resolve the issue followed by a two-part formal attempt; grievable issues include actions related to medical care. (ECF No. 24-1:7-8). Attempting an informal resolution starts by speaking with the "appropriate staff within three days of the incident." (ECF No. 24-1:7). Next, the offender must file a request to staff within seven calendar days of the alleged incident. *Id.*

After receiving a response to the request to staff, the inmate may file a formal grievance to the facility head within 15 days after filing the request to staff, or receiving the facility's response, whichever is later. (ECF No. 24-1:8-10). If the offender does not receive a response to his Request to Staff within 30 days of submitting the same, the offender may file a grievance at that time. (ECF No. 24-1:8). Upon receiving the grievance response from the reviewing authority, the inmate may appeal to the administrative review authority asserting either newly discovered evidence or probable error committed by the reviewing authority. (ECF No. 24-1:12). If the offender does not

receive a response to the grievance within 30 days, the offender may send a grievance to the administrative review authority or chief medical officer regarding the fact that his grievance has not been answered. (ECF No. 24-1:10). The final ruling of the administrative review authority will satisfy the grievance process and the inmate will have exhausted available administrative remedies. (ECF No. 24-1:14). *See also Thomas v. Parker,* 609 F.3d 1114, 1117 (10th Cir. 2010) ("The ODOC grievance process has a requirement of informal consultation with staff, then three written steps: a Request to Staff form, a formal grievance, and an appeal to the administrative review authority.").

### C. Plaintiff's Efforts to Exhaust

Based upon the record before the Court, it is clear Plaintiff failed to exhaust his administrative remedies prior to filing the present lawsuit. By Plaintiff's account, he submitted numerous Requests to Staff related to the claims he asserts in this lawsuit. (ECF No. 1:6, 10-11, 15, 19-20, 21-22, 30-31, 33-36). In their Motion, Defendants argue that although Plaintiff submitted numerous Requests to Staff, he never followed the administrative process beyond that to completion.

In response, Plaintiff states, "Law Library refused to file my request to staff or Grievances." (ECF No. 26:1). However, Plaintiff submitted numerous Requests to Staff that were not only obviously accepted for filing but also returned to him with responses from staff members. (ECF No. 1:10-11, 15, 19-20, 33-36). Plaintiff also claims that he tried to file numerous grievances, representing step three of the administrative process, but that various officials either refused to accept them or never responded. (ECF No.

7

1:1-3; ECF No. 30-1:1-3). However, the administrative procedures process explicitly provides that if an inmate does not receive a response to a grievance within 30 days, he can appeal to the administrative review authority or chief medical officer. (ECF No. 24-1:10). Plaintiff does not contend nor does the record indicate that he ever attempted such an appeal.

Plaintiff also makes a reference in his Response to the lack of a monetary remedy in ODOC's grievance policy. (ECF No. 26:3-4). Plaintiff's argument in this regard is not entirely clear but regardless, the Supreme Court has been very clear that exhaustion under the PLRA is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Id.* "[W]e stress the point ... that we will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "In *Booth*, the Supreme Court explained that one of the purposes of the exhaustion requirement is to force an inmate to go through the administrative process which in turn might afford prison officials the opportunity to take some corrective action that would preclude litigation." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 (10th Cir. 2003).

In light of the undisputed facts, it is clear Plaintiff did not exhaust his administrative remedies with regard to his federal claims, as required by 42 U.S.C. § 1997e(a). Though he began the administrative process on numerous occasions, Plaintiff never completed it, which is fatal to federal judicial review of his claims. *Id.*

Accordingly, the undersigned recommends Defendants' Motion for Summary Judgment be granted.

## 2. Claims against Cimarron Correctional Facility

Defendants also argue that Defendant Cimarron Correctional Facility ("CCF") is not a suable entity. The legal capacity of CCF to sue or be sued is determined by the law of the state in which the federal district court is located. Fed. R. Civ. P. 17(b). Under Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to … be sued in this state." Okla. Stat. tit. 12, § 2017(B). According to an affidavit provided by the Warden of CCF, Chad Miller,

> Cimarron Correctional Facility is the name given to a correctional facility capable of providing services for the custody and care of convicted felons located on a parcel of land near Cushing, Oklahoma. My employer, Corrections Corporation of America, Inc., has entered into contractual agreements with the Oklahoma Department of Corrections for the transfer to and housing of convicted felons at Cimarron Correctional Facility. [It] does not enjoy a separate legal existence; it is simply the name given to a grouping of buildings and security measures that make up a medium-security and maximum-security prison owned and operated by Corrections Corporation of America, Inc., a corporation authorized to do business within the State of Oklahoma.

(ECF No. 24-6:2-3).

While Oklahoma courts have not addressed whether a jail or prison have capacity to be sued, both this Court and the Tenth Circuit have concluded that a county or local jail facility lacks the capacity to be sued because such facility lacks an identity separate and apart from the county or state itself which, under proper circumstances, is

9

a suable entity. *See Witmer v. Grady County Jail,* 483 F. App'x 458 (10th Cir. 2012) (affirming district court decision finding that county jail "lacked the legal capacity to be a defendant under Oklahoma law"); *Buchanan v. Oklahoma*, No. CIV-09-744-D, 2010 WL 1449603, at *4 (W.D. Okla. March 4, 2010) (finding that detention facilities "lack a separate legal identity from the state and cannot be sued" and citing numerous case in other districts in which courts have held the same); *Hines v. Oklahoma*, No. CIV-07-197-R, 2007 WL 3046458, at *18 (W.D. Okla. Oct. 17, 2007) (holding that Oklahoma County Detention Center and Jess Dunn Correctional Facility, *inter alia*, lacked the capacity to be sued; *Jarrell v. Cimarron Corr. Facility*, No. CIV-98-1401, Order (W.D. Okla. Feb. 23, 2000) (Alley, J.) (ordering dismissal of Cimarron Correctional Facility for lack of legal capacity to be sued). Thus, the Defendants' Motion for Summary Judgment should be granted as to claims asserted against CCF.

## RECOMMENDATION

After careful consideration of the issues in this case, it is recommended that Defendants' Motion to Dismiss, construed as a Motion for Summary Judgment, **(ECF No. 24)** be **GRANTED** in its entirety. In light of this recommendation, it is further recommended that Plaintiff's Motion to Appoint Counsel **(ECF No. 22)** and Defendants' Motion Requesting that the Order Converting Defendants' Motion to Dismiss to One for Summary Judgment be Limited to the Narrow Issue of Exhaustion **(ECF No. 32)** be **DENIED** as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **April 27, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on April 10, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE