IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RANDY JAY JOLLIFF, )
)
    **Plaintiff,** )
)
v. ) Case No. CIV-14-841-R
)
CORRECTIONS CORPORATION )
OF AMERICA, et al., )
)
    **Defendants.** )

## ORDER

Plaintiff, a state prisoner appearing pro se, filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights with regard to the prison law library, his legal mail, and the prison's medical and mental health services. Doc. No. 1, at 2-3. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. Defendants filed a motion to dismiss, Doc. No. 24, and on April 10, 2014, Judge Erwin issued a Report and Recommendation wherein he recommended that the motion be converted to a motion for summary judgment and be granted, in part, for Plaintiff's failure to exhaust administrative remedies. Doc. No. 33, at 8-9.

The matter is currently before the Court on Plaintiff's objection to the Report and Recommendation, Doc. No. 34, which gives rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which Plaintiff specifically objects. The Court construes Plaintiff's filings liberally because he is a pro se litigant, but will not "assume the role of advocate." *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

"An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the Prison Litigation Reform Act] for failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). The Oklahoma Department of Corrections' grievance process requires an informal consultation with a staff member and three additional steps: "a Request to Staff form, a formal grievance, and an appeal to the administrative review authority." *Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010) (citation omitted). Defendants contend that although Plaintiff filed several Requests to Staff, he never completed the final steps of the grievance process. Doc. No. 24, at 4-5.

Plaintiff argues that the Court should excuse his failure to exhaust administrative remedies because prison officials hindered his ability to do so. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." (citation omitted)). He asserts that he attempted several times to give grievances to prison staff, but they either refused to file them or failed to respond or return the grievance unanswered. Doc. No. 34, at 1.

As noted by Judge Erwin, if prison officials do not respond to a grievance within thirty days, the Offender Grievance Process provides that the inmate may then "send a grievance to the administrative review authority or chief medical officer with evidence of submitting the grievance to the proper reviewing authority." *Id.* at 10, OP-090124 § V(C)(4). Plaintiff provides no evidence that he attempted to comply with this procedure,

and Defendants' evidence in the form of affidavits supports their contention that he did not complete this step.[1] Plaintiff has failed to create a genuine dispute of material fact on the issue of exhaustion of administrative remedies. *See* FED. R. CIV. P. 56(a).

Because Plaintiff failed to exhaust his administrative remedies, the Court need not address the second issue of whether Defendant Cimarron Correctional Facility lacks the capacity to be sued. Plaintiff's motion to appoint counsel [Doc. No. 22] is DENIED, as there is no right to an attorney in a § 1983 action. *Frey v. McKinna*, 44 F. App'x 435, 436 (10th Cir. 2002) (unpublished) (citing *United States v. Gosnell*, 961 F.2d 1518, 1521 (10th Cir. 1992)). Defendants' Motion to Dismiss [Doc. No. 24] is converted to a motion for summary judgment and is GRANTED. Defendants' Motion Requesting that the Order Converting Defendants' Motion to Dismiss to One for Summary Judgment Be Limited to the Narrow Issue of Exhaustion [Doc. No. 32] is DENIED as moot. The Report and Recommendation [Doc. No. 33] is ADOPTED.

IT IS SO ORDERED this 1st day of May, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Doc. No. 24, Ex. 4, ¶ 5 ("I have made a diligent search of the records maintained here at the Administrative Review Authority Office. Randy Jolliff, DOC#536109, did not make any submissions to the Administrative Review Authority during the relevant time period, April 2013 – July 2014."), Ex. 5, ¶ 3 ("The Medical Services administrative office has not received any grievance appeals, or any other correspondence from Randy Jolliff (# 536109) for the time period of April 2013 thru July 2014.").